IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. SMITH,

    Plaintiff,                    No. CIV S-09-2766 MCE EFB P

    vs.

MARK ROELKE,

    Defendant.                 <u>ORDER AND</u>
                                                 <u>AND FINDINGS AND RECOMMENDATIONS</u>

      Mark A. Smith, having been civilly committed to a state hospital under California's Sexually Violent Predators Law (California Welfare & Institutions Code §§ 6600 *et seq*.) (hereinafter "SVP Law"), filed this pro se civil rights action under 42 U.S.C. § 1983. The case was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed in forma pauperis. For the reasons set forth below, although plaintiff meets the financial requirements for in forma pauperis status, his amended complaint fails to state any claims for which relief can be granted under section 1983 and must be dismissed with prejudice.

**I.    Request to Proceed In Forma Pauperis**

      Plaintiff requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 13. His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

1

Accordingly, the request will be granted.

**II.     Screening Order**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous."

A district court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). To state a claim on which relief may be granted, plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Accordingly, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory. *Neitzke*, 490 U.S. at 327.

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and finds it is frivolous and does not state a cognizable claim. Plaintiff alleges in his complaint that his public defender, respondent Mark Roelke, provided ineffective assistance and that he did not receive a fair trial (or, presumably, commitment hearing). Dckt. 14, Am. Compl. at 3. Plaintiff seeks a new trial, a new evaluation, and requests that his order of commitment to be vacated. *Id.* The court's records reveal that plaintiff has brought these claims in two other cases – No. CIV S-08-2655 GGH and No. CIV S-10-1415 FCD GGH.

In Case No. CIV-S-08-2655 GGH, plaintiff raised the precise ineffective assistance of counsel claim raised herein. That case was dismissed with prejudice on February 6, 2009, after the court concluded that plaintiff's claims were not cognizable under 28 U.S.C. § 1983.

////

Plaintiff's attempt to litigate that claim in the instant case is barred by res judicata. *Stewart v. U.S. Bancorp*, 297 F.3d 953. 956 (9th Cir. 2002).

In addition, the reasoning provided by the court in dismissing Case No. CIV-S-08-2655 GGH applies equally here – plaintiff's claim of ineffective assistance of counsel at his trial or commitment hearing is not cognizable under § 1983 and must instead be brought, at least initially, in a petition for writ of habeas corpus. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (inmate's injunctive relief claim challenging the fact of conviction or duration of sentence must be brought as petition for writ of habeas corpus rather than suit under § 1983); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (where judgment in plaintiff's favor in suit under § 1983 for damages would necessarily imply invalidity of plaintiff's sentence or conviction, such suit is not cognizable unless sentence or conviction has been previously invalidated, expunged, or reversed); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138-41 (9th Cir. 2005) (*Heck* applies to judgments of civil commitment under the SVP Law).[1]

Further, plaintiff's claim against his public defender must fail because a public defender is not a state actor within the meaning of § 1983 when acting to represent a client. *See Miranda v. Clark County*, 319 F.3d 465, 469 (9th Cir. 2003). Indeed, plaintiff previously was informed of this principle in his earlier suit against a different public defender in Case No. CIV-S-09-2800 FCD GGH.

To the extent that plaintiff's allegations that he did not receive a fair trial are independent of his claim that respondent Mark Roelke provided ineffective assistance of counsel, plaintiff has also raised those claims in Case No. CIV S-10-1415 FCD GGH. In that case, the assigned magistrate judge issued findings and recommendations recommending that the case be dismissed

---

[1] The court notes that plaintiff has been informed of the differences between § 1983 and habeas corpus several times in several § 1983 cases filed in this court challenging his commitment and has already had three cases dismissed as improperly brought under § 1983. *See* Case No. CIV-S-08-2655 GGH, Dckt. Nos. 11 & 13; Case No. CIV-S-09-2800 FCD GGH, Dckt. Nos. 11 & 12; Case No. CIV-S-10-0846 MCE KJM, Dckt. Nos. 7 & 10.

with prejudice. Plaintiff's claim of an unfair trial (or commitment hearing) suffers from the same problem as his claim of ineffective assistance – this claim attacks the constitutionality of his confinement and thus is not cognizable under § 1983.

### III. Order and Findings and Recommendations

Accordingly, it is hereby ORDERED that plaintiff's request to proceed in forma pauperis is GRANTED.

It is further RECOMMENDED that this action be dismissed without leave to amend as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE